**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**POLICE BENEVOLENT ASSOCIATION OF
NEW YORK STATE, INC., by its President
MANUEL M. VILAR, MANUEL M. VILAR, individually,
JAMES McCARTNEY, THOMAS D. SMITH,
FRANK R. DELLES, and PENELOPE WHEELER,**
on Behalf of Themselves and All Others Similarly Situated,

                                **Plaintiffs,**

    vs.                                         **1:11-CV-1528
                                                    (MAD/CFH)**

**THE STATE OF NEW YORK, ANDREW M. CUOMO,
individually, and in his official capacity as Governor of the State
of New York; NEW YORK STATE DEPARTMENT OF CIVIL
SERVICE; PATRICIA A. HITE, individually, and in her official
capacity as Acting Commissioner of the New York State
Department of Civil Service; NEW YORK STATE CIVIL
SERVICE COMMISSION; CAROLINE W. AHL and
J. DENNIS HANRAHAN, individually, and in their official
capacities as Commissioners of the New York State Civil Service
Commission; ROBERT L. MEGNA, individually and in his official
capacity as Director of the New York State Division of the Budget;
THOMAS P. DiNAPOLI, individually and in his official
capacity as Comptroller of the State of New York; NEW YORK
STATE AND LOCAL RETIREMENT SYSTEM; and NEW
YORK STATE POLICE AND FIRE RETIREMENT SYSTEM,**

                                  **Defendants.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

GLEASON, DUNN LAW FIRM            Richard C. Reilly, Esq.
40 Beaver Street
Albany, New York 12207
*Attorneys for Plaintiffs*

ERIC T. SCHNEIDERMAN               Laura A. Sprague, Esq.
Attorney General of the State of New York   Asst. Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**Christian F. Hummel, U.S. Magistrate Judge:**

# REPORT-RECOMMENDATION AND ORDER[1]

## INTRODUCTION

Familiarity with the underlying facts and procedural history is presumed based upon prior Memorandum-Decision and Orders ("MDO") issued by the Hon. Mae A. D'Agostino, United States District Judge for the Northern District of New York. (Dkt. Nos. 17, 25). Presently before the Court is defendants motion for judgment on the pleadings on behalf of all defendants except Hite and Megna. (Dkt. No. 36). Plaintiffs have opposed the motion.[2] (Dkt. No. 37).

## DISCUSSION

Defendants move pursuant to Fed. R. Civ. P. 12(c) for judgment and dismissal of all claims against defendants Cuomo, Ahl, Hanrahan and DiNapoli in their personal and official capacities. Defendants assert that plaintiffs' pleadings fail to allege facts sufficient to support a connection between the aforementioned defendants and the enforcement of the challenged statute or any personal involvement in alleged constitutional violations. Defendants further contend that the aforementioned defendants have no specific connection with the enforcement of the legislative act being challenged. Plaintiffs claim that defendants are improperly attempting to reargue an issue that the Court has resolved on two prior occasions and also assert that they have properly alleged personal involvement on behalf of the aforementioned defendants.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

[2] In plaintiffs' affidavit in opposition and memorandum of law in opposition to defendants' motion, plaintiffs' offer an alternative argument and "request permission to amend the Complaint to include more specific allegations." (*See* Dkt. No. 37). In this district, a motion for leave to amend a pleading must (1) attach an unsigned copy of the proposed amended pleading, and (2) set forth specifically the proposed amendments, and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means. *See* N.D.N.Y. L.R. 7.1(a)(4). Plaintiffs have not cross moved for leave to amend the complaint and have not complied with this Court's Local Rules in this regard. Thus, the Court will not entertain any argument in favor of leave to amend as that motion is not properly before this Court.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). When a party makes a Rule 12(c) motion, the court applies the same standard as when a party files a Rule 12(b)(6) motion. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g., Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss claims where the plaintiff provides no "plausible" basis to support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**A.  Personal Involvement**

On December 3, 2012, United States District Judge Mae A. D'Agostino issued a MDO resolving defendants' motion to dismiss for lack of subject matter jurisdiction in the within action. (Dkt. No. 17). In that order, the issue of defendants' personal involvement was discussed:

> Plaintiffs assert § 1983 claims for monetary damages, injunctive relief and declaratory judgment against defendants Cuomo, Hite, Ahl, Hanrahan, Megna and DiNapoli, individually. Suits against state officials in their personal capacity are not barred by the Eleventh Amendment, even for actions required by their official duties, *Hafer v. Melo*, 502 U.S. 21, 27–28 (1991) (holding that state officials may be personally liable for actions taken in their official capacity); however, such actions may be subject to dismissal on other grounds.

3

> Here, defendants argue that legislative immunity divests this Court of jurisdiction over plaintiffs' claims against the individual defendants in their individual capacities. However, legislative immunity is a personal defense that may be asserted in the context of a challenge under Rule 12(b)(6) and is not proper for review as a jurisdictional bar under Rule 12(b)(1). *See State Emp.*, 494 F.3d at 82, n.4. Accordingly, that portion of defendants' motion will be discussed *infra*.

*See* Dkt. No. 17 at 20.

Further in the decision, the Court addressed personal involvement and legislative immunity and held:

> Taking the allegations in the complaint as true, as the Court must do on a motion to dismiss, plaintiffs have sufficiently alleged that defendants Hite and Megna were acting beyond the scope of their authority as public officials. Drawing all reasonable inferences in plaintiffs' favor, the Court finds that the allegations are sufficiently pled to defeat defendants' motion at this stage of the litigation. *See Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 654 F. Supp. 943, 949 (N.D. Tex. 1987) (holding that the plaintiffs' allegations that the defendant's actions were "ultra vires" in character and that they acted outside of their capacities as public officials arguably "deprives the defendants of Rule 12(b)(6) dismissal based upon an absolute immunity defense"). At this stage of the litigation, based upon the sparse record, the Court cannot state as a matter of law, that defendants are entitled to legislative immunity. *See Phillips v. Town of Brookhaven*, 216 A.D.2d 374, 375 (2d Dep't 1995) ("[i]t cannot be determined on the instant record that the individual defendants were acting exclusively in a legislative capacity, which is required for immunity to attach"); *see also Moxley v. Town of Walkersville*, 601 F. Supp. 2d 648, 662 (D. Md. 2009) (holding that "the doctrine of legislative immunity is not uniquely asserted on motions to dismiss). This ruling does not prevent defendants from renewing their motion with respect to the applicability of the doctrine of legislative immunity after sufficient discovery and development of the record.

*Id.* at 29.

Nine months after the aforementioned Order was issued, Judge D'Agostino issued a MDO in a companion case, *Brown v. New York, et. al.*, 975 F. Supp. 2d 209 (N.D.N.Y. 2013). In that decision, the Court discussed the plaintiffs' allegations relating to personal involvement:

> Defendants argue that Plaintiffs' conclusory, non-specific allegations regarding the personal involvement of each of the individual Defendants are insufficient to survive a motion to dismiss. In particular, Defendants contend that Plaintiffs have made several allegations related to certain Defendants' personal involvement "upon information and belief," that Plaintiffs have impermissibly relied on the doctrine of respondeat superior in their allegations with respect to certain Defendants' personal involvement, and that there are no allegations whatsoever linking certain Defendants to the conduct at issue. It appears that Plaintiffs have failed to address this argument in their oppositions to Defendants' motion to dismiss.

*Id*. at 229.

The Court reviewed the plaintiffs' allegations against each defendant:

> Based upon a review of the allegations in the Complaint, the Court finds that Plaintiffs have failed to make any direct or indirect allegations sufficient to permit an inference that Defendants Cuomo, Lippman, Prudenti, Ahl, Hanrahan, and DiNapoli acted or failed to act in any of the ways that would subject them to personal liability for the violations alleged by Plaintiffs. Accordingly, Defendants' motion to dismiss Plaintiffs' claims as to these Defendants in their individual capacity is granted.

*Id.*

While defendants' motion was granted, the Court did not conclude the analysis there. The Court discussed Rule 15(a) and held:

> Here, there has been no showing of bad faith or undue delay by Plaintiffs, nor would Defendants suffer any prejudice if Plaintiffs are permitted to amend their complaint since there are presently ten related actions pending before this Court in which the parties have not begun conducting discovery. Moreover, the Court finds that such amendment would not be futile since the Complaint could withstand a motion to dismiss on these grounds if properly amended. Accordingly, the Court grants Defendants' motion to dismiss for

5

> failure to sufficiently plead these Defendants' personal involvement, with leave to amend.

*Brown*, 975 F.Supp.2d at 231.

Here, defendants now argue that based upon the Court's holding in *Brown*, allegations of personal involvement against all defendants, except Hite and Megna, must be dismissed. Defendants did not reference or cite to any language in *Brown* complaint in support of their argument but merely state that the allegations therein are "similarly insufficient" to those at hand. Moreover, defendants do not address the fact that the Court allowed plaintiffs an opportunity to amend the complaint in the *Brown* action. The Court has reviewed the Brown complaint and finds the allegations herein to be readily distinguishable. In the *Brown* case, the plaintiffs' allegations merely identified the subject defendants and their duties/responsibilities. As noted by Judge D'Agostino, those claims did not contain sufficient facts and allegations of personal involvement to sustain a motion to dismiss. That was not and is not the case with respect to the allegations of personal involvement herein. Most importantly, Judge D'Agostino previously found that plaintiffs' allegations were sufficient to survive defendants' prior motion to dismiss. On this motion, defendants provide no new evidence to persuade the Court that the allegations no longer remain sufficient. Indeed, at this stage of the litigation, this Court is presented with the same record and evidence before the District Judge on the prior motion to dismiss. The evidence and factual record is no further developed. For nearly two years, the parties have been entangled in procedural motion practice. Defendants seemingly argue that the Court must entertain these "new" arguments because defendants "did not raise the issue of the sufficiency of the stated personal capacity claims in the prior motion." Defendants improperly assert, "[a]s defendants did not raise [the issue], the Court did not consider the sufficiency of the personal involvement claims." That statement is patently incorrect. Issues pertaining to the Court's subject-matter

jurisdiction must be addressed even if not raised by the parties. *Manso v. Santamarina & Assocs.*, No. 04 Civ. 10276(LBS), 2005 WL 975854, at *15 (S.D.N.Y. Apr. 26, 2005). Indeed, the Court addressed some deficiencies in defendants' motion to dismiss and noted that while certain claims were not raised by defendants, in the interest of judicial economy, the Court, on its own accord, would analyze those issues. In the prior MDO, the Court found that plaintiffs adequately alleged personal involvement on the part of the individual defendants sufficient to overcome defendants' motion to dismiss. Defendants attempt to persuade the Court that plaintiffs' pleadings are now insufficient based upon the same record. The Court will not allow defendants to reargue issues addressed in the previous Order resolving the motion to dismiss and Order resolving the motion for reconsideration. To do so would allow defendants an opportunity take a third bite of the apple. *See Santana v. Warner*, No. 9:11-CV-443, 2012 WL 5876871, at *3 (N.D.N.Y. 2012).

**B.     Official Capacity**

Defendants argue:

> In denying defendants' motion to dismiss the original complaint in this matter, the Court noted defendants' failure to address the immunity set forth in *Ex Parte Young*, 209 U.S. 123 (1908). (citation omitted). As plaintiffs had set forth a prima facie showing that their complaint alleged an ongoing violation of federal law, which was undisputed by the defendants at that time, the Court found that the complaint properly requested prospective relief against the individual defendants in their official capacities. (citation omitted). At this time, defendants move on the pleadings to dismiss all defendants other than defendants Hite and Megna in their official capacities.

Defendants argue that plaintiffs have failed to allege that any of the defendants, except for Hite and Megna, had any connection with the enforcement of the legislative act that has been challenged, and their complaint fails to state a cause of action against those individual defendants in their official capacity. Plaintiffs contend that the implementation and enforcement of the act did not rest solely with Hite and Megna, rather defendants Cuomo, Ahl, Hanrahan and DiNapoli

7

played a significant role in the implementation and unlawful application of Civil Service Law 167(8). Plaintiffs also assert that, at this stage of the litigation, plaintiffs' claims are not frivolous and overcome defendants' motion.

> In the prior MDO, the Court addressed *Ex Parte Young*:
>
>> Defendants argue that Eleventh Amendment immunity extends to state officials but fail to address the *Ex Parte Young* exception. Here, plaintiffs argue that a "straightforward inquiry" reveals that plaintiffs have alleged a violation of federal law. Plaintiffs allege that defendant officials are engaged in enforcing Chapter 491 of the Laws of 2011, a law that is contrary to federal law because it impairs their rights under Article I, Section 10 of the U.S. Constitution. Plaintiffs also allege that officials are implementing a state statute that violates federal due process. An allegation that state officials are enforcing a law in contravention of controlling federal law is sufficient to allege an ongoing violation of federal law for the purposes of *Ex parte Young*. *See Chester Bross Const. Co. v. Schneider*, No. 12-3159, 2012 WL 3292849, at *6 (C.D. Ill. Aug. 10, 2012) (citing *Verizon Md., Inc.*, 535 U.S. at 645). Thus, plaintiffs have satisfied the first prong of *Ex Parte Young*.

*See* Dkt. No. 17 at 12.

Once again, defendants are attempting to re-litigate and reargue an issue that has been addressed by the Court on two prior occasions, without any new evidence or intervening controlling caselaw. A review of the prior MDO reveals that while defendants neglected to engage in any meaningful discussion of *Ex Parte Young*, for clarity of the record and judicial economy, the Court considered, analyzed and addressed the exception on its own accord. This Court will not revisit the issue at this stage of the litigation.

Courts are discouraged from providing defendants with the opportunity to reargue issues previously resolved without a more developed record. *See Remexcel Managerial Consultants Inc. v. Arlequin,* 583 F.3d 45, 54–55 (1st Cir. 2009). To the extent that defendant attempts to reargue issues raised in unsuccessful motion to dismiss, this Court reiterates that these issues

8

cannot be decided at this stage in the case. The Court finds that, based on the pleadings and submissions that the Court may consider at this stage, plaintiffs have alleged facts sufficient to support the remaining claims. If defendants intend to revisit these issues in the future, the Court strongly urges defendants to participate in discovery to develop the facts in an attempt to steer this case towards a resolution.

## CONCLUSION

**IT IS HEREBY**

**RECOMMENDED** that defendants' motion for judgment on the pleadings (Dkt. No. 36) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); FED R. CIV. P. 72, 6(a), 6(e).

It is further **ORDERED** that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**IT IS SO ORDERED.**

DATE: July 25, 2014
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge